UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**LARRY RUNGE,**

    **Plaintiff,**

v.                                        Case No. 5:23-cv-113-TKW-MJF

**RON DESANTIS,** *et al.*,

    **Defendants.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 19) and Plaintiff's objection (Doc. 20). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed as malicious and an abuse of the judicial process based on Plaintiff's failure to completely disclose his litigation history. *See Burrell v. Moore*, 854 F. App'x 624 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury . . . .").

The Court did not overlook Plaintiff's argument that his failure to fully disclose his litigation history resulted from the loss or destruction of his legal materials by prison officials and his faulty memory.  However, that is not an adequate excuse because "the circumstances described by Plaintiff in his objection are not unique to him and it would make a mockery of the litigation history questions and the duty of candor owed to the Court if an inmate could simply blame his failure to truthfully answer those questions on his failing memory and the lack of resources provided by the jail or prison."  *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022).  Moreover, if for whatever reason Plaintiff no longer has a list of his prior cases, "he can (and should) request [that information] from the appropriate clerks' offices before filing a new case."  *Id.* (quoting *Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla. Jan. 8, 2021)).

The Court also did not overlook Plaintiff's arguments that the cases he failed to disclose are immaterial and that requiring him to file a new suit and pay an additional filing fee is too harsh of a sanction because he is indigent.  However, the Court finds those arguments unpersuasive because the omission of any case (irrespective of its subject-matter) is material to Plaintiff's duty of candor to the Court.  Moreover, to the extent that requiring Plaintiff to pay an additional filing fee if he re-files this suit can be characterized as a "sanction," it is appropriate here

because it will help to ensure that Plaintiff (and inmates like him) will be more careful and circumspect when filling out the complaint form and answering the litigation history questions on the form.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED without prejudice** for maliciousness and abuse of the judicial process under 28 U.S.C. §§1915A(b)(1) and 1915(e)(2)(B)(i).

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 28th day of August, 2023.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**